# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

        Plaintiff,

 v.

JACQUELINE MOORE,

        Defendant.

Case No. 2:18-cr-00026-KJD-VCF

ORDER

   Presently before the Court is Defendant's Motion to Continue Trial (#47). The Government filed a response in opposition (#48) and a Supplement to its response (#50).

   Defendant seeks a one-week continuance based on counsel's need to inform Defendant that the Government will seek to prove that the firearm and ammunition "were stored or acquired at different times and places." Such a conviction on two counts where the firearms and/or ammunition were possessed or acquired separately would increase the statutory maximum exposure to Defendant from ten (10) to twenty (20) years. Defendant asserts that she was not aware of this intention on the Government's part because the Government had previously proposed jury instructions and a verdict form that did not contain the special instructions and special finding that would be required of the jury.

   Here, the Court finds that Defendant has not met her burden in establishing that she will be unfairly prejudiced if she does not receive a continuance. United States v. Flynt, 756 F.2d 1352, 1358-59 (9th Cir. 1985). Though it appears that Moore has been diligent in preparing her defense, it does not appear any more likely that the need for the continuance would be met with the continuance than without. Flynt, 756 F.2d at 1360. As noted by Defendant, this trial will be

neither lengthy nor complicated. "The requested continuance is merely to allow defense counsel to explain to Moore the consequences of the government's newly revealed intention to prove at trial that she possessed the firearm and ammunition separately, including what facts the government would need to prove to make the required showing and possible consequences." <u>Motion to Continue Trial</u>, Doc. No. 47 p. 47, l. 7-11. Such an explanation does not require a week's extension.

Further, such an extension would interfere with the Court's calendar, travel plans of opposing counsel and may affect the Government's ability to procure one of its own witnesses. Failure to grant the continuance will not result in a miscarriage of justice. The two counts are charged separately in the Indictment but before the Court even gives the special jury instruction and finding in the verdict form, the Government must meet its burden of proof in its case-in-chief.

Accordingly, Defendant's Motion to Continue Trial (#47) is **DENIED**.

Dated this 11th day of July, 2018.

Kent J. Dawson
United States District Judge