UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>JACQUELINE MOORE,<br><br>            Defendant. | Case No. 2:18-CR-26-KJD-VCF<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

Before the Court is Defendant's Motion for Compassionate Release under FIRST STEP Act (ECF #106). The United States responded in opposition (ECF #108). Also before the Court is the Government's Motion to File a Sealed Exhibit (ECF #109). Having read and considered the motion and good cause being found, ECF #109 is granted.

I.      Factual and Procedural Background

Defendant Jacqueline Moore ("Moore") is serving a prison sentence after being convicted by a jury of two counts: a felon in possession of ammunition and a felon in possession of a firearm, both counts being violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (EFC #89). Both counts carried a 120-month sentence, to run concurrently. Id. Moore's term of imprisonment will be followed by three years of supervised release. Id. Her projected release date is on or around August 4, 2026. (EFC # 106, at 2). Moore requested compassionate release from the Bureau of Prisons ("BOP") in August 2020 and again in July 2021. Id. at 3. The BOP denied Moore's first request in August 2020 and denied her second request in August 2021. Id. In the first denial, the BOP recognized the risk of COVID-19 for inmates but found that it did not constitute extraordinary or compelling reasons justifying early release. (ECF #114, at 33). The second denial stated that after reviewing the medical records Moore provided regarding her father, Moore's children's caregiver, the father was not incapacitated such that it justified early release. Id. at 36.

Now, Moore asks the Court to grant her compassionate release because she claims to have a serious physical and mental condition, that the threats of COVID-19 are too serious, that the caregiver to her children has become so incapacitated that he can no longer provide care, and that had she been charged today for the same crime, she would have faced a substantially lesser sentence. (ECF #106, at 5–6).

The government opposes Moore's early release, arguing that because she has been fully vaccinated, she cannot show extraordinary and compelling reasons for a reduction of her sentence on the basis of COVID-19 concerns. (ECF #108, at 4–5). The government also argues that Moore's familial situation does not amount to the extraordinary and compelling reasons required to justify early release. Id. at 8. Additionally, the government notes that her sentence would not be lessened had she been convicted of the same crime today, because she was not convicted of any 18 U.S.C. § 924(c) crimes, which Moore relies on for her argument. Id. at 8. The government's response also argues that the 18 U.S.C. § 3553(a) factors do not favor release. Id. at 8–9. Finally, the government asserts that Moore improperly requested compassionate release to the BOP because she failed to raise the above issues in her request. Id. at 7.

II.     Legal Standard

The district court that imposed sentence on a criminal defendant has authority to modify the term of imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). That statute provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that […]extraordinary and compelling reasons warrant such a reduction […] and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. §§ 3582(c)(1)(A), 3582(c)(1)(A)(i).

If the defendant has exhausted administrative remedies, the analysis is twofold.

First, the Court must consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable at the time the motion is brought. 18 U.S.C. § 3582(c)(1)(A). Second, the Court must find "extraordinary and compelling reasons" to release a defendant from BOP custody in a policy statement. Id.

The Sentencing Commission policy statement explains that "extraordinary and compelling reasons" exist where, among other things, "[t]he defendant is suffering from a serious physical or mental condition or suffering from a serious functional or cognitive impairment… that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13.

### III.     Analysis

The Court finds that Moore has properly exhausted all her administrative rights to submit and appeal requests to the BOP. Moore has twice submitted a request to the BOP and was twice denied. (EFC #114, at 31–37). In her first request, Moore cited her medical conditions, Covid, and concerns for her children's caregiver's health as reasons for her request. Her second request cited the same conditions but also noted her argument about her excessive sentence under 18 U.S.C. 924(c).  Therefore, the Court may properly consider Moore's Motion.

The Court must first consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a). Those factors include the nature and circumstances of the offense, the need for the sentence imposed, the kinds of sentences available and sentencing ranges established in the guidelines, pertinent policy statements, the need to avoid unwarranted sentence disparities, and the need to provide restitution. 18 U.S.C. § 3553(a). The Court considered these factors on the day of sentencing and finds that they warrant the sentence as it stands today. Moore has previously been convicted of multiple violent felonies, and the circumstances of her arrest in this most recent case were serious and put other individuals in danger. Vandalizing a vehicle, producing a firearm during an argument, and threatening to kill the victim show that Moore is a danger to the community. The Court commends Moore for completing programs while incarcerated and believes that it will aid her in her rehabilitation when the time comes. However, the need for a 120-month sentence existed at sentencing and the Court finds that it exists today.

Because the need for the sentence imposed still exists and the nature and circumstances of Moore's arrest were serious, the Court finds that compassionate release is not warranted.

The Court also finds that "extraordinary and compelling reasons" do not currently exist to support release. While Moore contends that she suffers from type 2 diabetes, fibromyalgia, multiple sclerosis, anemia, and depression, the Court agrees with the BOP and does not find that these constitute justification for an early release. (ECF #106, at 17). Moore has provided the Court with her personal medical records, and those records do not indicate that she suffers from any medical condition that cannot be treated within the environment of a correctional facility. Also, her medical records do not indicate that she has multiple sclerosis, and according to the chemistry report provided by Moore, she is only at an increased risk of diabetes, but does not currently have diabetes. See id. at 25–26.

Further, Moore has been fully vaccinated against COVID-19. (ECF #110). The BOP has taken extraordinary measures to protect inmates from COVID-19 and to treat those who have been affected by it. (ECF #114, at 33). The BOP has been vaccinating both staff and inmates and has administered over 327,000 doses of the vaccine. COVID-19 CORONAVIRUS, https://www.bop.gov/coronavirus/ (last visited Aug. 17, 2022). The BOP has taken measures to prevent inmates from serious illness and its policies do not constitute an extraordinary or compelling reason to justify compassionate release.

Moore also states that her father, who is the primary caregiver to her minor children, has become too ill to provide adequate care to her children. (ECF #106, at 5). The Court agrees with the BOP assessment and finds that his medical issues do not amount to death or incapacitation and therefore does not warrant an early release. (ECF #114, at 36). The medical records provided regarding Moore's father do not indicate that he is incapacitated and unable to provide care to Moore's children. (ECF #106, at 19–20).

The Court also recognizes that Moore's children face a difficult situation without their mother to help provide care for them, however, this too, is inadequate to support compassionate release. See id. at 16.

Finally, Moore argues that she has extraordinary and compelling reasons to be released

early because had she been charged today for a violation of 18. U.S.C. §§ 924(a) and 922(g) she would have faced a lesser sentence. See id. at 6. Moore relies on United States v. Turnipseed, No. CR 3:12-40-JFA, 2021 WL 5989964 (D.S.C. Dec. 17, 2021) for this claim. However, she is incorrect. The defendant in Turnipseed was convicted of multiple § 924(c) violations, whereas Moore was convicted of violating 922(g)(1), 924(a)(2). Id. Therefore, Moore would not have faced a lesser sentence today than she received originally.

IV.   Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release (ECF #106) is **DENIED.**

IT IS FURTHER ORDERED that the Government's Motion to File a Sealed Exhibit (ECF #109) is **GRANTED.**

Dated this 6th day of September 2022.

Kent J. Dawson
United States District Judge