UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>    v.<br><br>JACQUELINE MOORE,<br><br>                              Defendant. | Case No. 2:18-cr-00026-KJD-VCF<br><br>ORDER |

      Presently before the Court are Defendant's Motions to Extend Deadline to File 2255 (ECF Nos. 112, 117). The Government filed a response in opposition (ECF No. 113) to which Defendant replied (ECF No. 115).

      Section 2255 provides that "[a] 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from ... the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States,* 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). *See also Jimenez v. Quarterman,* 555 U.S. 113, 129 S.Ct. 681, 685, 172 L.Ed.2d 475 (2009) (same); *Aguirre–Ganceda,* 592 F.3d at 1045 (same).

      Supreme Court Rule 13(1) provides that "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." Supreme Court Rule 13(3) elaborates:

           The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not

> from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or *sua sponte* considers rehearing, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

In the present action, the Ninth Circuit Court of Appeals entered judgment affirming Defendant's conviction on direct appeal on September 9, 2020. There was no motion for rehearing or *sua sponte* consideration of rehearing, meaning that Defendant's time to file a petition for *writ of certiorari* expired December 8, 2020. Thus, in order to file a timely § 2255 motion, Defendant had to file the 2255 motion no later than December 8, 2021. The present motion to extend time to file a § 2255 motion was not filed until July 6, 2022. Therefore, there is no deadline to extend because it has expired.

While the Ninth Circuit Court of Appeals has not addressed the subject, most other courts of appeals have held that district courts do not have jurisdiction to consider a request to extend time to file a 2255 motion in the absence of a filed motion:

> Under Article III of the Constitution, the judicial power of the federal courts is limited to "cases" or "controversies." Thus, the exercise of federal jurisdiction under the Constitution "depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." Here, because Leon has not yet filed an actual § 2255 petition, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory. Accordingly, we lack jurisdiction to consider the issue on appeal.

*United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000); *See United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016); *Swichkow v. United States*, 565 F. App'x 840, 844 (11th Cir. 2014); *United States v. Bautista*, 548 F. App'x, 254 (5th Cir. 2013); *United States v. Harris*, 304 F. App'x 223 (4th Cir. 2008); *United States v. Glover*, No. 05–3110, 2006 WL 3798926, at *1 (D.C. Cir. June 27, 2006) (*per curiam*); *but see United States v. Thomas*, 713 F.3d 165, 169 (3d Cir. 2013) (granting defendant's certificate of appealability, holding that the district court did have jurisdiction to rule on his motion to extend time to file a 2255). Thus, the Court finds that it lacks jurisdiction to consider Defendant's late motion to extend time to file a 2255 motion.

However, even if the Court entertained the motion, it would deny it, because Defendant has merely made a tactical choice to spend her time preparing and filing a motion for compassionate release (ECF No. 106). None of the issues (limited access to the law library and health of family members) that she cites as justification for not filing a timely 2255 prevented her from filing a motion for compassionate release.

Accordingly, Defendant's Motions to Extend Deadline (ECF Nos. 112, 117) are **DENIED**.

DATED: August 15, 2025

Kent J. Dawson
United States District Judge